UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN YANG,<br><br>                            Plaintiff,<br><br>    - against -<br><br>MIC NETWORK, INC.<br><br>                            Defendant. | Docket No.  18-cv-07628<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Stephen Yang ("Yang" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Mic Network, Inc. ("Mic Network" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Dan Rochkind, owned and registered by Yang, a New York based professional photographer. Accordingly, Yang seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides with its principal place of business in New York, in this Judicial District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Yang is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 270 Empire Boulevard, #1K, Brooklyn, New York 11225.

6. Upon information and belief, Mic Network is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 85 Fulton Street 82nd Floor, New York, New York 10007. Upon information and belief Mic Network is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Mic Network has owned and operated a website at the URL: https://Mic.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. Yang photographed Dan Rochkind at Mel's Burger Bar in or around April, 2017 (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Yang then licensed the Photograph to the New York Post. On April 12, 2017 teyh New York Post ran an article that featured the Photograph, titled *Why I Don't Date Hot Women Anymore*. See URL https://nypost.com/2017/04/12/why-hot-people-arent-worth-dating/. Yang's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the New York Post article is attached hereto as Exhibit B.

9. Yang is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph, titled *Yang_Dan Rochkind, 4-12-17* was timely registered with the United States Copyright Office and was given registration number VA 2-055-141, effective June 22, 2017.  See Exhibit C.

**B.    Defendant's Infringing Activities**

11. On or about April 13, 2017, Mic Network ran an article on the Website that featured the Photograph, titled *Twitter Is Skewering The New York Post for A Piece on Why Man Won't Date Hot Women.* See URL https://mic.com/articles/174065/twitter-is-skewering-the-new-york-post-for-a-piece-on-why-man-won-t-date-hot-women#.qkRoPPMW3. (The "Article"). A true and correct copy of the Article is attached hereto as Exhibit D.

12. The Article prominently featured the Photograph as the banner image of the Article, which is the primary image shown when the image is shared on Social Media and is a substantial driver of traffic to the Article, and in numerous embedded tweets within the Article. A true and correct copy of a screenshot of Article and the Photograph as shown when shared on Social Media is attached hereto as Exhibit E.

13. Mic Network did not license the Photograph from Plaintiff for its article, nor did Mic Network have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Mic Network infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Mic Network is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Mic Network be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Mic Network be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 504.

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
August 21, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Joseph A. Dunne
Joseph A. Dunne, Esq.,
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
JD@LiebowitzLawFirm.com

*Attorneys for Plaintiff*