UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN YANG,

                Plaintiff,

     v.

MIC NETWORK, INC.,

                Defendant.

Case No. 18 Civ. 07628 (AJN)

**DEFENDANT MIC NETWORK, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND SANCTIONS**

Eleanor M. Lackman
Marissa B. Lewis
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Avenue, 25th Floor
New York, New York 10022
Tel.: (212) 509-3900
Fax: (212) 509-7239
eml@msk.com

*Attorneys for Defendant Mic Network, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ...................................................................... 3

ARGUMENT .................................................................................................................................. 4

I.      THE OBJECTIVE UNREASONABLENESS OF YANG'S CLAIMS MERITS AN AWARD OF
ATTORNEYS' FEES UNDER 17 U.S.C. § 505 .................................................................... 4

        A.     Standard for Award of Attorneys' Fees Under the Copyright Act. ................................. 4

        B.     Yang's Copyright Claim Was Objectively Unreasonable. ............................................. 5

        C.     Principles of Compensation and Deterrence Strongly Militate in Favor of an Award of
Attorneys' Fees. ............................................................................................................ 8

II.     ATTORNEYS' FEES SHOULD BE GRANTED UNDER 28 U.S.C. § 1927 OR THE COURT'S
INHERENT POWERS ........................................................................................................ 10

        A.     Standard for Imposing Sanctions Under 28 U.S.C. § 1927. ........................................ 10

        B.     Standard for Imposing Sanctions Under the Court's Inherent Power. ........................... 11

        C.     Heavy Sanctions Are Warranted Under Either Authority. ........................................... 11

III.   THE AMOUNT OF ATTORNEYS' FEES SOUGHT IS REASONABLE ............................. 14

        A.     The Lodestar Method Establishes a Presumptively Reasonable Fee. ........................... 14

        B.     The Hourly Rates of Mic's Attorneys' Are Reasonable. ............................................. 15

        C.     The Number of Hours Expended by Mic's Attorneys Is Reasonable. ........................... 19

CONCLUSION ............................................................................................................................. 21

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### CASES

*Agee v. Paramount Commc'ns*,
 869 F. Supp. 209 (S.D.N.Y. 1994), *aff'd in part, rev'd in part on other grounds*, 59 F.3d 317 (2d Cir. 1995) ....................................................................................11

*Apex Oil Co. v. Belcher Co. of N.Y.*,
 855 F.2d 1009 (2d Cir. 1988)....................................................................................17

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*,
 522 F.3d 182 (2d Cir. 2008)..........................................................................14, 15, 16

*Baiul v. NBC Sports*,
 708 F. App'x 710 (2d Cir. 2017) ...............................................................................11

*Baker v. Urban Outfitters, Inc.*,
 431 F. Supp. 2d 351 (S.D.N.Y. 2006),
 *aff'd*, 249 F. App'x 845 (2d Cir. 2007)......................................................6, 8, 9, 10, 11, 12

*Banus v. Citigroup Glob. Markets, Inc.*,
 757 F. Supp. 2d 394 (S.D.N.Y. 2010)........................................................................10

*Barcroft Media, Ltd. v. Coed Media Grp., LLC*,
 297 F. Supp. 3d 339 (S.D.N.Y. 2017)..........................................................................6

*Beastie Boys v. Monster Energy Co.*,
 112 F. Supp. 3d 31 (S.D.N.Y. 2015)..........................................................................18

*Bluelink Mktg. LLC v. Carney*,
 No. 16 Civ. 7151 (JLC), 2017 WL 5565223 (S.D.N.Y. Nov. 20, 2017)................................17

*Blum v. Stenson*,
 465 U.S. 886 (1984)................................................................................................15

*BMS Entm't/Heat Music LLC v. Bridges*,
 No. 04 Civ. 2584 (PKC), 2007 WL 1989292 (S.D.N.Y. July 6, 2007) ...................................17

*Broadcast Music, Inc. v. Pamdh Enters., Inc.*,
 No. 13 Civ. 2255 (KMW), 2014 WL 2781846 (S.D.N.Y. June 19, 2014)........................15, 17

*Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*,
 919 F. Supp. 656 (S.D.N.Y. 1996) ............................................................................20

*Bryant v. Media Right Prods., Inc.*,
 603 F.3d 135 (2d Cir. 2010)........................................................................................4

*Chambers v. NASCO, Inc.*,
　501 U.S. 32 (1991)................................................................................................11

*Chivalry Film Prods. v. NBC Universal, Inc.*,
　No. 05 Civ. 5627 (GEL), 2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007)............................8, 9

*Clark v. Transportation Alternatives, Inc.*,
　18 Civ. 9985 (VM), 2019 WL 1448448 (S.D.N.Y. Mar. 18, 2019) ........................................7

*Clarke v. Frank*,
　960 F.2d 1146 (2d Cir. 1992)................................................................................19

*Craig v. UMG Recordings, Inc.*,
　380 F. Supp. 3d 324 (S.D.N.Y. 2019)....................................................................13

*Creazioni Artistiche Musicali, S.r.l. v. Carlin America, Inc.*,
　No. 14 Civ. 9270 (RJS), 2017 WL 3393850 (S.D.N.Y. Aug. 4, 2017) ...............................13

*Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*,
　246 F.3d 142 (2d Cir. 2001)................................................................................16

*Crown Awards, Inc. v. Disc. Trophy & Co.*,
　564 F. Supp. 2d 290 (S.D.N.Y. 2008), *aff'd*, 326 F. App'x 575 (2d Cir. 2009).................8, 17

*Cruz v. Am. Broad. Cos.*,
　No. 17 Civ. 8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017) ....................7, 13, 14

*Cruz v. Local Union No. 3*,
　34 F.3d 1148 (2d Cir. 1994)................................................................................20

*Di Filippo v. Morizio*,
　759 F.2d 231 (2d Cir. 1985)................................................................................19

*Diplomatic Man, Inc. v. Nike, Inc.*,
　No. 08 Civ. 139 (GEL), 2009 WL 935674 (S.D.N.Y. Apr. 7, 2009) ........................16, 17, 18

*Dweck v. Amadi*,
　No. 10 Civ. 2577 (RMB) (HBP), 2012 WL 3020029 (S.D.N.Y. July 6, 2012) ....................18

*Earth Flag Ltd. v. Alamo Flag Co.*,
　154 F. Supp. 2d 663 (S.D.N.Y. 2001)...................................................................6, 8

*Farbotko v. Clinton Cty.*,
　433 F.3d 204 (2d Cir. 2005)................................................................................17

*Farrar v. Hobby*,
　506 U.S. 103 (1992)...........................................................................................20

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (1994) .............................................................................................................4

*Forman v. Mt. Sinai Med. Ctr.*,
   128 F.R.D. 591 (S.D.N.Y. 1989) .......................................................................................11

*G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*,
   894 F. Supp. 2d 415 (S.D.N.Y. 2012) ...............................................................................19

*GAKM Res. LLC v. Jaylyn Sales Inc.*,
   No. 08 Civ. 6030 (GEL), 2009 WL 2150891 (S.D.N.Y. July 20, 2009) .............................17

*Galeana v. Lemongrass on Broadway Corp.*,
   120 F. Supp. 3d 306 (S.D.N.Y. 2014) ...............................................................................16

*Galonsky v. Williams*,
   No. 96 Civ. 6207 (JSM), 1997 WL 759445 (S.D.N.Y. Dec. 10, 1997) ..............................12

*Genger v. Genger*,
   No. 14 Civ. 5683 (KBF), 2015 WL 1011718 (S.D.N.Y. Mar. 9, 2015) ..............................18

*Gierlinger v. Gleason*,
   160 F.3d 858 (2d Cir. 1998) ..............................................................................................15

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) .....................................................................................................19, 21

*Janik v. SMG Media, Inc.*,
   No. 16 Civ. 7308 (JGK) (AJP), 2018 WL 345111 (S.D.N.Y. Jan. 10, 2018) .....................13

*Johnson v. Ga. Hwy. Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) .............................................................................................16

*Kirtsaeng v. John Wiley & Sons, Inc.*,
   136 S. Ct. 1979 (2016) ...............................................................................................4, 5, 8

*Knitwaves, Inc. v. Lollytogs Ltd.*,
   71 F.3d 996 (2d Cir. 1995) ..................................................................................................4

*Konangataa v. Am. Broad. Cos.*,
   No. 16 Civ. 7382 (LAK), 2017 WL 2684067 (S.D.N.Y. June 21, 2017) ..........................6, 12

*Konangataa v. Am. Broad. Cos.*,
   No. 16 Civ. 7382 (LAK), 2017 WL 4776981 (S.D.N.Y. Oct. 4, 2017) ......................6, 13, 20

*Kovach v. City Univ. of N.Y.*,
   No. 13 Civ. 7198 (LGS), 2015 WL 5827414 (S.D.N.Y. Oct. 6, 2015) ...............................17

*Lee v. W Architecture & Landscape Architecture, LLC*,
    18 CV 05820, 2019 WL 2272757 (E.D.N.Y. May 28, 2019)............................................13, 14

*Leibowitz v. Galore Media, Inc.*,
    No. 18 Civ. 2626 (RA), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018)..................................14

*Lunday v. City of Albany*,
    42 F.3d 131 (2d Cir. 1994).................................................................................................19

*Mahan v. Roc Nation, LLC*,
    634 F. App'x 329 (2d Cir. 2016) ...........................................................................................9

*Mahan v. Roc Nation, LLC*,
    No. 14 Civ. 5075 (LGS), 2016 WL 4718018 (S.D.N.Y. Sept. 9, 2016)............................17, 18

*Mango v. Democracy Now! Prods., Inc.*,
    No. 18 Civ. 10588 (DLC), 2019 WL 3325842 (S.D.N.Y. July 24, 2019)........................13, 14

*Matthew Bender & Co. v. West Publ'g Co.*,
    240 F.3d 116 (2d Cir. 2001)...................................................................................................5

*McDermott v. Monday Monday, LLC*,
    No. 17 Civ. 9230 (DLC), 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018) ......................7, 9, 13

*Melodrama Publ'g, LLC v. Santiago*,
    No. 12 Civ. 7380 (JSR) (FM), 2015 WL 2380521 (S.D.N.Y. May 19, 2015) ......................20

*Microban Prod. Co. v. Iskin Inc.*,
    No. 14 Civ. 05980 (RA) (DF), 2016 WL 4411349, at *13 (S.D.N.Y. Feb. 23,
    2016) *report and recommendation adopted* 2016 WL 4411414 (S.D.N.Y.
    Aug. 18, 2016) ...................................................................................................................18

*Millea v. Metro-North R.R. Co.*,
    658 F.3d 154 (2d Cir. 2011)................................................................................................15

*Muller v. Twentieth Century Fox Film Corp.*,
    No. 08 Civ. 02550 (DC), 2011 WL 3678712 (S.D.N.Y. Aug. 22, 2011) ..............................6

*NXIVM Corp. v. Ross Inst.*,
    364 F.3d 471 (2d Cir. 2004)..................................................................................................5

*Oliveri v. Thompson*,
    803 F.2d 1265 (2d Cir. 1986)..............................................................................................10

*OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*,
    No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *4 (S.D.N.Y. Dec. 6,
    2010), *report and recommendation adopted*, 2011 WL 43459 (S.D.N.Y. Jan.
    5, 2011) ..............................................................................................................................18

*Pereira v. 3072541 Canada Inc.*,
No. 17 Civ. 6945 (RA), 2018 WL 5999636 (S.D.N.Y. Nov. 15, 2018) ............................9, 14

*Porto v. Guirgis*,
659 F. Supp. 2d 597 (S.D.N.Y. 2009) ........................................................................................5

*Pyatt v. Raymond*,
No. 10 Civ. 8764 (CM), 2012 WL 1668248 (S.D.N.Y. May 10, 2012) ...........................17, 20

*Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*,
No. 13 Civ. 2493 (KBF), 2014 WL 4792082 (S.D.N.Y. Sept. 24, 2014) ...............................17

*Reynolds v. Hearst Commc'ns, Inc.*,
No. 17 Civ. 6720 (DLC), 2018 WL 1229840 (S.D.N.Y. Mar. 5, 2018) .......................7, 13, 14

*Rice v. Musee Lingerie, LLC*,
No. 18 Civ. 9130 (AJN), 2019 WL 2865210 (S.D.N.Y. July 3, 2019) ...................................14

*Rice v. NBCUniversal Media, LLC*,
No. 19 Civ. 447 (JMF), 2019 WL 3000808 (S.D.N.Y. July 10, 2019) ............................13, 14

*Rodriguez v. Klum*,
No. 05 Civ. 10218 (LAP), 2009 WL 73115 (S.D.N.Y. Jan. 8, 2009) .......................................8

*Rubio v. City of New York*,
No. 03 Civ. 1349 (SJ), 2005 WL 1498283 (E.D.N.Y. May 31, 2005) ....................................12

*Rudkowski v. Mic Network, Inc.*,
No. 17 Civ. 3647 (DAB), 2018 WL 1801307 (S.D.N.Y. Mar. 23, 2018) ......................2, 7, 12

*Sakon v. Andreo*,
119 F.3d 109 (2d Cir. 1997).....................................................................................................10

*Sands v. Bauer Media Grp. USA, LLC*,
17-cv-9215 (LAK), 2019 WL 4464672 (S.D.N.Y. Sept. 18, 2019) ........................7, 9, 13, 14

*Steeger v. JMS Cleaning Servs. LLC*,
No. 17 Civ. 8013 (DLC), 2018 WL 1136113 (S.D.N.Y. Feb. 28, 2018) ................................13

*Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs., Inc.*,
No. 13 Civ. 2548 (KMW) (JLC), 2014 WL 1303434 (S.D.N.Y. Apr. 1, 2014).....................19

*Tabak v. Idle Media, Inc.*,
No. 17 Civ. 8285 (AT) (S.D.N.Y. Oct. 31, 2017)...................................................................14

*TCA Television Corp. v. McCollum*,
No. 15 Civ. 4325 (GBD) (JCF), 2017 WL 2418751 (S.D.N.Y. June 5, 2017)..........5, 6, 15, 20

*TufAmerica Inc. v. Diamond*,
  No. 12 Civ. 3529 (AJN), 2018 WL 401510 (S.D.N.Y. Jan. 12, 2018) ...................................5

*United States v. Int'l Bhd. of Teamsters*,
  948 F.2d 1338 (2d Cir. 1991) ...................................................................................................10

*Vargas v. Transeau*,
  No. 04 Civ. 9772 (WHP), 2008 WL 3164586 (S.D.N.Y. Aug. 6, 2008), *aff'd
  sub nom*, *Vargas v. Pfizer, Inc.,* 352 F. App'x 458 (2d Cir. 2009) ............................................6

*Video-Cinema Films, Inc. v. Cable News Network, Inc.*,
  No. 98 Civ. 7128 (BSJ), 2003 WL 1701904 (S.D.N.Y. Mar. 31, 2003) ....................................9

*Walker v. Carter*,
  No. 12 Civ. 5384 (ALC) (RLE), 2016 WL 6820722 (S.D.N.Y. Aug. 29, 2016) ....................18

*Wright v. Warner Books, Inc.*,
  953 F.2d 731 (2d Cir. 1991) .......................................................................................................5

## STATUTES

17 U.S.C. § 505 ............................................................................................................................1, 4

28 U.S.C. § 1927 .........................................................................................................1, 10, 11, 14

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................7

Fed. R. Civ. P. 54 .............................................................................................................................1

## OTHER AUTHORITIES

Karen Sloan, *$1,000 Per Hour Isn't Rare Anymore; Nominal billing levels rise,
  but discounts ease*, The National Law Journal, Jan. 13, 2014 .................................................18

As the prevailing party pursuant to this Court's Opinion & Order docketed September 24, 2019 (ECF No. 26) (the "Order"), and pursuant to the Judgment entered on September 25, 2019, defendant Mic Network, Inc. ("Mic"), by its undersigned counsel, Mitchell Silberberg & Knupp LLP, respectfully submits this memorandum of law under Fed. R. Civ. P. 54 in support of its Motion for Attorneys' Fees and Sanctions pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1927.

## PRELIMINARY STATEMENT

It is undisputed that plaintiff Stephen Yang ("Yang") filed a meritless copyright infringement claim against Mic.  However, calling it "meritless" fails to recognize how utterly devoid of merit the claim was.  Mic's use was so clearly within the scope of the fair use doctrine that the Court found the use of the photograph at issue to be transformative in not just one way, which alone would be sufficient for dismissal, but in *three, independent ways*.  Moreover, the Court not only held that Yang's copyright infringement claim had no merit, it found that there was no plausible way that Yang could plead around the obvious facts showing that the photograph was integral to the story and the criticism thereof.  Even on a first ruling, the Court appropriately dismissed the claim with prejudice, as the suit was objectively baseless.

The outcome of this case is an expected byproduct of the approach of a firm that has indiscriminately flooded this District (and now others) with hundreds of infringement suits, submitted via cookie-cutter complaints, and filed without any discernable thought as to defenses or merit.  Knowing that media companies generally have to spend money on outside counsel after a complaint is filed, the Liebowitz Firm filed this action without any warning to Mic, leaving Mic to have to incur costs on explaining in the context of a motion to dismiss that the use was fair.  Surprisingly, rather than recognize that the law was firmly against the claim, Yang doubled down

in his opposition, asserting a host of speculative arguments and suggestions on how Mic's use could be "more fair," without undertaking the obvious fact that the use was indisputably a fair use.

The prosecution of Yang's dubious case cannot be blamed on a lack of understanding about the law.  As detailed herein, this District has incurred significant resources in issuing rulings educating the Liebowitz Firm on the doctrine of fair use.  This includes a ruling granting a motion to dismiss, including on fair use grounds, the only other lawsuit the Liebowitz Firm has filed against Mic Network.  *Rudkowski v. Mic Network, Inc.*, No. 17 Civ. 3647 (DAB), 2018 WL 1801307 (S.D.N.Y. Mar. 23, 2018).  If the Liebowitz Firm has chosen to ignore those rulings, it is not Mic who should bear the financial cost of such willful blindness.  Underscoring the need for a fee award is Yang's desire to waste further resources of Mic and the Court in this action, including filing a Motion for Reconsideration last night:  among the other points made in the motion is the disturbing suggestion that the *New York Post*, which reports on everything from international news to sports scores to fallen police officers and firefighters, is actually a parody newspaper in which all of the stories are a joke.[1]

Neither Mic nor any media company – not to mention the Court – should have to spend resources on arguments that are of such clearly frivolous character.  If Yang wished to persist in the face of obviously losing positions, he and his law firm should be required to pay the tab for such folly.  Moreover, if Yang and his counsel knew that filing meritless claims came with a high cost, they might possibly be deterred from running to court and pursuing such claims to the hilt in the hopes that the case might stay alive long enough to persuade the defendant to throw out a few

---

[1] The news appearing in today's *Post* online (nypost.com) includes a story about multiple people reportedly being "gunned down" near a synagogue in Germany on Yom Kippur, new restrictions on U.S. visitors to China, and a Mexican mayor being dragged through the streets.  As will be explained in Mic's Opposition to Yang's Motion for Reconsideration, Yang argues frivolously that the average person would read these stories and think such stories are sarcastic or self-deprecating.

thousand dollars to make it go away.  Regardless of whether an award would have such an impact, equity leans in favor of making Mic whole for its work in successfully defending itself against the Liebowitz Firm yet again, and its motion should be granted accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

As this Court is familiar, the facts of this case are straightforward:  Yang took a photograph of Dan Rochkind (the "Photograph"), which was licensed to the *New York Post* for use in an article about Rochkind and his dating life entitled *Why I Don't Date Hot Women Anymore* (the "Post Article").  *See* Order at 1 (citations omitted); *see also* ECF No. 17-2.  The day after the Post Article ran, on or around April 13, 2017, Mic posted its own article entitled *Twitter is skewering the 'New York Post' for a piece on why a man "won't date hot women"* (the "Mic Article").  *See* Order at 1-2 (citations omitted); *see also* ECF No. 17-4.  To identify and illustrate the Post Article discussed therein, the Mic Article features a screenshot of the Post Article, which includes the Post Article's headline, the author's name and date, and roughly the top half portion of the Photograph.  *See id.*

After Mic moved to dismiss, ECF No. 12, Yang amended his complaint.  ECF No. 17.  Concluding that the amendments did not resolve the deficiencies, Mic renewed its motion.  ECF No. 19.  On reviewing the facts in the light most favorable to Yang, taking all factual statements as true, the Court readily found that Mic's use of the Photograph was "transformative in three ways." Order at 5.  The Opinion provides thorough detail about the Mic Article, the tweets that comment on Rochkind's own appearance, and the fact that the Photograph and Post Article had otherwise become the subject of significant controversy and ridicule.  *Id.* at 6-7.  The Opinion further discusses how Mic used the portions of the Photograph as part of its own criticism, and how – as other courts have held – the use of a photograph to portray the subject in a negative light is also transformative.  *Id.* at 7-9.

The Court further held that not only was the use transformative under the first fair use factor, which carries heavy weight in the fair use analysis, but that Mic used only so much of the Photograph to identify the subject and the controversy necessary to make the commentary it made, tilting the third factor toward Mic, and that the use was not the type that would substitute for a license of the full Photograph for illustrative use.  *Id.* at 12, 14.  Finally, finding that Yang had already amended his Complaint once and had offered no other arguments, the Court dismissed the case with prejudice.  Last night, Yang moved for reconsideration of the Order, submitting a narrative argument that misrepresents the Court's Opinion, contorting the holdings of cases cited in the Opinion in passing, and proffering new theories that are so implausible that they border on the surreal. ECF Nos. 28, 29.

## ARGUMENT

I.  **THE OBJECTIVE UNREASONABLENESS OF YANG'S CLAIMS MERITS AN AWARD OF ATTORNEYS' FEES UNDER 17 U.S.C. § 505**

A.      **Standard for Award of Attorneys' Fees Under the Copyright Act.**

The Copyright Act provides that a court may, in its discretion, award the prevailing party in an infringement action its costs, including reasonable attorneys' fees.  17 U.S.C. § 505.  An award of attorney's fees and costs is not automatic; rather, the district court has the sole and broad discretion to determine whether such assessment would be fair.  *See Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1011 (2d Cir. 1995).  In making this determination, courts consider "several nonexclusive factors," including "frivolousness, motivation, objective unreasonableness[,]and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (alteration in original) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).  *See also Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) ("When determining whether to award attorney[']s fees, district

courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence.").

Here, Mic is entitled to recover its reasonable attorneys' fees as the prevailing party because (i) Yang's copyright infringement claim was objectively unreasonable, as well as improperly motivated; and (ii) awarding Mic its fees would deter future litigants from bringing similar untenable claims, which frustrate the very purpose of the Copyright Act.

### B.     Yang's Copyright Claim Was Objectively Unreasonable.

A claim of copyright infringement is "objectively unreasonable" if it is "clearly without merit or otherwise patently devoid of a legal or factual basis." *Porto v. Guirgis*, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009).  *See also TCA Television Corp. v. McCollum*, No. 15 Civ. 4325 (GBD) (JCF), 2017 WL 2418751 at *10 (S.D.N.Y. June 5, 2017) ("[I]f a claim is clearly without merit on any determinative issue, then it is objectively unreasonable.") (citation omitted).  Here, Mic's use of the work at issue was a classic fair use that falls squarely within the purposes of reporting, commentary, and criticism; it did not present a close case.  *See NXIVM Corp. v. Ross Inst.,* 364 F.3d 471, 477 (2d Cir. 2004); *Wright v. Warner Books, Inc.*, 953 F.2d 731, 736 (2d Cir. 1991) (if a work falls into one of the enumerated fair use categories, "assessment of the first fair use factor should be at an end").

The "objective unreasonableness" of the losing party's position, although not "controlling," should be given "substantial weight."  *Kirtsaeng*, 136 S. Ct. at 1988-89; *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001).  Courts in this District have frequently awarded attorneys' fees to prevailing defendants in copyright cases where the plaintiffs advanced objectively unreasonable litigation positions.  *See, e.g., TufAmerica Inc. v. Diamond*, No. 12 Civ. 3529 (AJN), 2018 WL 401510, at *2 (S.D.N.Y. Jan. 12, 2018) (finding plaintiff's

litigation position to be objectively unreasonable and frivolous and awarding $450,000 in total attorneys' fees and costs to the prevailing defendants); *TCA Television*, 2017 WL 2418751, at *10 (same, awarding $50,123.04 in attorneys' fees and costs to prevailing defendants); *Muller v. Twentieth Century Fox Film Corp.*, No. 08 Civ. 02550 (DC), 2011 WL 3678712, at *3 (S.D.N.Y. Aug. 22, 2011) (awarding $40,000); *Vargas v. Transeau*, No. 04 Civ. 9772 (WHP), 2008 WL 3164586, at *2 (S.D.N.Y. Aug. 6, 2008) (awarding $175,000), *aff'd sub nom*, *Vargas v. Pfizer, Inc.*, 352 F. App'x 458 (2d Cir. 2009); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006) (awarding $388,424.54), *aff'd*, 249 F. App'x 845 (2d Cir. 2007); *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 666-67 (S.D.N.Y. 2001) (awarding $106,126.92).

The unreasonable nature of Yang's claim in this case is manifest. It was objectively unreasonable for Yang to have believed that a colorable copyright action existed based on the incidental use of a significantly cropped version of the Photograph, including by virtue of the fact that it appeared right next to the headline of the Post Article, which itself is identified and partially depicted in the Mic Article as means to provide commentary and criticism of the Post Article's subjects. This is a classic transformative fair use; indeed, the Court found that, "even drawing all available inferences in [Yang's] favor, Mic's use of the Photograph was transformative in three ways." Order at 5. Compounding the unreasonableness of Yang's claim is that his counsel has been advised that this type of use is fair and cannot constitute an infringement. *See, e.g.*, *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F. Supp. 3d 339, 352 (S.D.N.Y. 2017) ("[A] news report about a video that has gone viral on the Internet might fairly display a screenshot or clip from that video to illustrate what all the fuss is about.") (citing *Konangataa v. Am. Broad. Cos.*, No. 16 Civ. 7382 (LAK), 2017 WL 2684067, at *1 (S.D.N.Y. June 21, 2017)); *see also Konangataa v. Am. Broad. Cos.*, No. 16 Civ. 7382 (LAK), 2017 WL 4776981, at *3 (S.D.N.Y.

Oct. 4, 2017) (dismissing, on fair use and de minimis use grounds, consolidated cases alleging frivolous copyright infringement claims; approximately $120,000 in fees awarded); *Clark v. Transportation Alternatives, Inc.*, 18 Civ. 9985 (VM), 2019 WL 1448448, at *5 (S.D.N.Y. Mar. 18, 2019) (granting Rule 12(b)(6) motion on fair use grounds); *Rudkowski*, *supra*. *Cf. Sands v. Bauer Media Grp. USA, LLC*, 17-cv-9215 (LAK), 2019 WL 4464672 (S.D.N.Y. Sept. 18, 2019) (issuing sanctions against Liebowitz Firm for improperly withholding evidence relevant to defendant's fair use defense).

The commencement of this litigation – and the maintenance thereof – was an ill-advised abuse of the Copyright Act and judicial system by Yang and his counsel, Richard Liebowitz, a "known copyright 'troll,'" *McDermott v. Monday Monday, LLC*, No. 17 Civ. 9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) ("Richard Liebowitz [ ] is a known copyright 'troll,' filing over 500 cases in this district alone in the past twenty-four months."), with a track record of filing frivolous copyright claims. *See Reynolds v. Hearst Commc'ns, Inc.,* No. 17 Civ. 6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) ("A number [of] Mr. Liebowitz's cases have been dismissed from the bench as frivolous.") (citations omitted).  As in many other cases, here, Mr. Liebowitz yet again pursued a media company engaging in legal use for the purpose of extracting a settlement.  *See McDermott,* 2018 WL 1033240, at *3 n.4 (noting that Mr. Liebowitz's law firm "plays a numbers game in which it targets hundreds [] of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.") (cleaned up).  In the event of a successful fair use defense involving claims similar to this, a defendant should be entitled to recover costs.  *See Cruz v. Am. Broad. Cos.*, No. 17 Civ. 8794 (LAK), 2017 WL 5665657, at *2 (S.D.N.Y. Nov. 17, 2017).

### C.     Principles of Compensation and Deterrence Strongly Militate in Favor of an Award of Attorneys' Fees.

The Supreme Court has stated that attorneys' fees should be awarded in a way that "encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation." *Kirtsaeng*, 136 S. Ct. at 1986. *See also Crown Awards, Inc. v. Disc. Trophy & Co.*, 564 F. Supp. 2d 290, 295 (S.D.N.Y. 2008), *aff'd*, 326 F. App'x 575 (2d Cir. 2009) ("An award of attorneys' fees to prevailing parties would encourage the parties to bring meritorious claims and therefore would help demarcate 'the boundaries of copyright law . . . as clearly as possible in order to maximize the public exposure to valuable works.'") (citation omitted). An award of attorneys' fees in this case is perfectly aligned with the Copyright Act's primary goals of compensation and deterrence.

Principles of compensation favor an award of attorneys' fees. Where, as here, the plaintiff has pursued an objectively unreasonable claim, "the policies behind the Copyright Act would be violated by requiring [the prevailing defendant] to bear its own costs and fees." *Baker*, 431 F. Supp. 2d at 359. *Accord Chivalry Film Prods. v. NBC Universal, Inc.*, No. 05 Civ. 5627 (GEL), 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007) ("[T]he denial of [fee] awards in objectively unreasonable cases disserves the purposes of copyright law, by failing to protect the owners of valid copyrights from the cost of frivolous litigation."). Future defendants in Mic's position should be encouraged to litigate their meritorious defenses, and thereby ensure public access to original newsworthy works.

An award of attorneys' fees would further the goal of deterring parties from pursuing unreasonable claims. *See, e.g., Rodriguez v. Klum*, No. 05 Civ. 10218 (LAP), 2009 WL 73115, at *2 (S.D.N.Y. Jan. 8, 2009) (fee award necessary to deter copyright holders from bringing unreasonable actions without fear of any consequences); *Earth Flag*, 154 F. Supp. 2d at 668

(same).   A fee award in these circumstances would not chill future reasonable copyright infringement lawsuits, but instead would provide beneficial deterrence of future unreasonable suits.   "An award of fees and costs is necessary to convince [Yang] and other like-minded plaintiffs that federal courts do not exist so that they can roll the dice on unreasonable allegations or so that they can seek fame and fortune from 'deep-pocketed' defendants." *Baker*, 431 F. Supp. 2d at 360. Indeed, the denial of fees and costs in cases such as this "may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to 'chill.'  Future litigants should be discouraged from comparable behavior." *Chivalry Film*, 2007 WL 4190793, at *3 (citations omitted); *Mahan v. Roc Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016) ("awarding fees would deter similar frivolous suits from being filed by others").

As is documented by the sheer number of copyright infringement lawsuits that Mr. Liebowitz and his firm have filed – inundating this Court's docket in the process – the Liebowitz Law Firm has built its business model on the idea that it will be more expensive for a defendant to defend the case than it will be to settle an infringement claim for an outsized payment.  *See McDermott*, 2018 WL 1033240, at *3; *see also Sands*, 2019 WL 4464672, at *1 (S.D.N.Y. Sept. 18, 2019) (attributing "the creation of a lawyer business model that has deluged this Court with photographic copyright infringement cases since early 2016" to Mr. Liebowitz, who has "filed 1,110 lawsuits in this Court from the beginning of 2016 through September 16, 2019"); *Pereira v. 3072541 Canada Inc.*, No. 17 Civ. 6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018) (describing Mr. Liebowitz's litigation tactics as "an apparent attempt to increase costs and to extort unwarranted settlements").   That Mic chose to defend rather than bend to the demands of a frivolous claim does not make a fee award any less warranted.  *Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 98 Civ. 7128 (BSJ), 2003 WL 1701904, at *5 (S.D.N.Y. Mar. 31, 2003)

(award of attorney's fees appropriate where "[t]o hold otherwise would diminish any incentive for defendants to incur the often hefty costs of litigation to defend the fair use doctrine.").

An award of attorneys' fees and sanctions in this case would provide future similarly situated defendants comfort that they can defend themselves even where business judgment would suggest settlement.  Likewise, it disincentivizes would-be plaintiffs and contingency fee attorneys from using the fact of the cost of litigation to shake out settlements for claims that mathematically and otherwise objectively have no merit.

## II.   ATTORNEYS' FEES SHOULD BE GRANTED UNDER 28 U.S.C. § 1927 OR THE COURT'S INHERENT POWERS

### A.   Standard for Imposing Sanctions Under 28 U.S.C. § 1927.

Section 1927 provides that a court may impose sanctions, including an assessment of attorneys' fees, against an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  "By its terms, § 1927 looks to unreasonable and vexatious multiplications of proceedings; and it imposes an obligation on attorneys throughout the entire litigation to avoid dilatory tactics."  *Baker*, 431 F. Supp. 2d at 362 (quoting *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991)).  Thus, an award under § 1927 is proper "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."  *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).

To impose sanctions against an attorney under either authority, there must be a clear "finding of conduct constituting or akin to bad faith" on the part of the attorney.  *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997).  It is well-established that bad faith may inferred from "the clear lack of merit" of an attorney's claim, *Banus v. Citigroup Glob. Markets, Inc.*, 757 F. Supp. 2d 394, 399 (S.D.N.Y. 2010), or where the plaintiff's attorney "was aware of the meritless nature of the

claims, yet continued to pursue litigation . . . anyway." *Baiul v. NBC Sports*, 708 F. App'x 710, 715 (2d Cir. 2017). Bad faith may also be inferred when "an attorney engages in conduct that is so objectively unreasonable that he necessarily must have been acting in bad faith." *Baker*, 431 F. Supp. 2d at 362 (quoting *Forman v. Mt. Sinai Med. Ctr.*, 128 F.R.D. 591, 600 (S.D.N.Y. 1989)).

### B.       Standard for Imposing Sanctions Under the Court's Inherent Power.

A court similarly has authority to impose sanctions under its inherent powers to control its own proceedings. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). This inherent power includes the power to impose monetary sanctions, including attorneys' fees, against an attorney who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46. The analysis for awarding sanctions under court's inherent power is the same as the analysis for 28 U.S.C. § 1927 sanctions. *See Baker*, 431 F. Supp. 2d at 363 ("For all practical purposes, '[t]he standard [for awarding costs and fees under the court's inherent power] is the same for awarding attorney[s'] fees under 28 U.S.C. § 1927.'") (quoting *Agee v. Paramount Commc'ns*, 869 F. Supp. 209, 212 (S.D.N.Y. 1994), *aff'd in part, rev'd in part on other grounds*, 59 F.3d 317 (2d Cir. 1995)).

### C.       Heavy Sanctions Are Warranted Under Either Authority.

There is a clear showing of bad faith on the part of Yang's counsel in this case, warranting an assessment of heavy sanctions under § 1927 and the Court's inherent power.

First, sanctions are warranted because Yang's counsel pursued a copyright infringement claim that clearly lacked merit. As explained above, there was no reasonable dispute over the law here – most pertinently, the incidental use of a significantly cropped version of the Photograph as part of the composite image of the Post Article included in a news article that provides commentary and criticism on the Post Article's subjects is a classic fair use. Yang's counsel was clearly aware of these legal principles, not only because they are the subject of well-established copyright law,

but also because these fair use principles have been explained to Yang's counsel at length in connection with the infringement claims he filed for other clients that, on their face, were a fair use. *See, e.g.*, *Konangataa*, 2017 WL 2684067, at *2 ("no reasonable lawyer with any familiarity of the law of copyright could have thought" that use of screenshot or other tiny portion of a video in the context of news reporting and social commentary related to the video "was anything but fair"). That Mr. Liebowitz continued to pursue this meritless claim nonetheless is sanctionable. *See, e.g.*, *Baker*, 431 F. Supp. 2d at 363 (awarding fees against plaintiff's counsel where he pursued meritless claims even though he "clearly was aware of the law in this area"). As noted above, not only have judges taken the time to put fair use law in front of Mr. Liebowitz, but this has happened in a lawsuit against the same defendant, Mic. *See Rudkowski*, *supra.*

Moreover, Mr. Liebowitz's history of bad faith conduct in other copyright infringement cases leaves no doubt that this action was undertaken in bad faith as well. *See Galonsky v. Williams*, No. 96 Civ. 6207 (JSM), 1997 WL 759445, at *7 (S.D.N.Y. Dec. 10, 1997) ("The background of litigation in other courts . . . is relevant . . . to the question of [an attorney's] good faith, or lack of good faith," in determining whether to impose § 1927 sanctions). *See, e.g., Rubio v. City of New York*, No. 03 Civ. 1349 (SJ) (KAM), 2005 WL 1498283, at *4 (E.D.N.Y. May 31, 2005) (awarding "heavy sanctions" in light of the attorney's "history of similar bad faith conduct").

The Liebowitz Firm meets the very definition of "vexatious litigant," having burdened this District and others with lawsuits – filed without warning or any attempt to avoid using the courts' resources – and that the firm has no intention of seeing through to trial. These claims have not only been notable in volume, but in the appearance of repeated instances of bad faith conduct that have led to bond orders, accusations of forgery, and other issues that are not appropriate for the

conduct of an attorney in this District.  Indeed, courts in this District are increasingly taking notice

of Mr. Liebowitz's abusive tactics:

- Mr. Liebowitz has been labelled as a "copyright 'troll,'" in recognition of the fact that his law firm "plays a numbers game in which it targets hundreds [ ] of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim." *McDermott*, 2018 WL 1033240, at *3 n.4 (quoting *Creazioni Artistiche Musicali, S.r.l. v. Carlin America, Inc.*, No. 14 Civ. 9270 (RJS), 2017 WL 3393850, at *4 (S.D.N.Y. Aug. 4, 2017) (citation omitted)).  *See also Reynolds v. Hearst Commc'ns*, 2018 WL 1229840, at *4 ("Mr. Liebowitz . . . has been labelled a copyright 'troll.'") (citation omitted); *Steeger v. JMS Cleaning Servs. LLC*, No. 17 Civ. 8013 (DLC), 2018 WL 1136113, at *1 (S.D.N.Y. Feb. 28, 2018) (same).

- "A number of Mr. Liebowitz's cases have been dismissed from the bench as frivolous." *Reynolds v. Hearst Commc'ns*, 2018 WL 1229840, at *4 (citation omitted).  *See, e.g.*, *Cruz v. Am. Broad. Cos.*, No. 17 Civ. 8794 (LAK), 2017 WL 5665657, at *2 n.11 (S.D.N.Y. Nov. 17, 2017) (noting award of "over $121,000 in attorney[']s fees against a client of Mr. Liebowitz in three other, related copyright infringement cases that were dismissed from the bench") (citing *Konangataa*, 2017 WL 4776981, at *3).

- "Mr. Liebowitz has been sanctioned, reprimanded, and advised to 'clean up [his] act' by other judges of this Court." *Sands v. Bauer Media Grp. USA, LLC*, No. 17 Civ. 9215 (LAK), 2019 WL 4464672, at *1 (S.D.N.Y. Sept. 18, 2019).  *See, e.g.*, *Janik v. SMG Media, Inc.*, No. 16 Civ. 7308 (JGK) (AJP), 2018 WL 345111, at *16 (S.D.N.Y. Jan. 10, 2018) (advising Mr. Liebowitz's firm to "consider its reputation with the Court and, frankly, clean up its act"); *Reynolds v. Hearst Commc'ns*, 2018 WL 1229840, at *4 (noting Mr. Liebowitz's cases have "been irresponsibly litigated"); *Mango v. Democracy Now! Prods., Inc.*, No. 18 Civ. 10588 (DLC), 2019 WL 3325842, at *6 (S.D.N.Y. July 24, 2019) (noting Mr. Liebowitz "regularly fails to comply with court orders") (citation omitted); *Lee v. W Architecture & Landscape Architecture, LLC*, 18 CV 05820 (PKC) (CLP), 2019 WL 2272757, at *3 (E.D.N.Y. May 28, 2019) ("Although counsel has filed over a thousand copyright infringement cases in this Circuit . . . , [his] record of non-compliance is troubling.").  Indeed, "there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz." *Rice v. NBCUniversal Media, LLC*, No. 19 Civ. 447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) (collecting cases).  Mr. Liebowitz has been sanctioned in this District at least four times since 2018.  *See, e.g.*, *Steeger*, 2018 WL 1136113, at *1 (sanctioning Mr. Liebowitz for, *inter alia*, "his material omissions" in a letter to the court and "his needless infliction of costs on the defendant"), *opinion vacated in part on reconsideration*, 2018 WL 1363497 (S.D.N.Y. Mar. 15, 2018) (imposing monetary sanction and ordering Mr. Liebowitz to complete four CLE hours in ethics and professionalism); *Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 339

(S.D.N.Y. 2019) (sanctioning Mr. Liebowitz for meritless motion made "vexatiously and in bad faith"); *Rice*, 2019 WL 3000808, at \*7 (sanctioning Mr. Liebowitz for "his failure to comply with multiple court orders"); *Sands*, 2019 WL 4464672, at \*7 (sanctioning Mr. Liebowitz for withholding information in discovery and ordering posting of a $50,000 bond).

- "Courts in this District have, on their own initiative, ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further." *Rice v. Musee Lingerie, LLC*, No. 18 Civ. 9130 (AJN), 2019 WL 2865210, at \*3 (S.D.N.Y. July 3, 2019) (citations omitted). Tellingly, Mr. Liebowitz voluntarily dismissed or quickly settled each of these cases before responding to the orders to show cause. *See, e.g., Pereira v. 3072541 Canada Inc.*, No. 17 Civ. 6945 (RA), 2018 WL 5999636 (S.D.N.Y. Nov. 15, 2018); *Cruz v. Am. Broad. Cos.*, No. 17 Civ. 8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017); *Tabak v. Idle Media, Inc.*, No. 17 Civ. 8285 (AT) (S.D.N.Y. Oct. 31, 2017); *Reynolds*, 2018 WL 1229840.

- Courts in this District have also required Mr. Liebowitz's clients to post a bond following a motion from the defendant on multiple occasions due, in part, to the frivolous nature of the alleged copyright infringement claims. *See, e.g., Lee*, 2019 WL 2272757, at \*6 (ordering bond where fair use defense was raised); *Reynolds v. Hearst Commc'ns*, 2018 WL 1229840, at \*4 (ordering plaintiff to post $10,000 bond); *Liebowitz v. Galore Media, Inc.*, No. 18 Civ. 2626 (RA) (HBP), 2018 WL 4519208, at \*2 (S.D.N.Y. Sept. 20, 2018) (ordering plaintiff to post $10,000 bond); *Rice*, 2019 WL 2865210, at \*3 (ordering plaintiff to post bond); *Mango*, 2019 WL 3325842, at \*6 (ordering plaintiff who had previously posted a $10,000 bond pursuant to the court's order to post an additional $50,000 bond).

Despite these penalties levied against him and his clients, Mr. Liebowitz apparently has not been deterred from callously abusing the legal system for the sake of his overall strategy to reap large percentages of hundreds of "nuisance" settlements. Accordingly, an award of heavy sanctions is warranted under Section 1927 and the Court's inherent power to deter future misconduct by Mr. Liebowitz and his firm.

## III.   THE AMOUNT OF ATTORNEYS' FEES SOUGHT IS REASONABLE

### A.   The Lodestar Method Establishes a Presumptively Reasonable Fee.

Courts in the Second Circuit employ the "presumptively reasonable fee" method in determining the appropriate amount of attorneys' fees to award a prevailing party. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522

14

F.3d 182 (2d Cir. 2008); *TCA Television*, 2017 WL 2418751, at *15 ("Analysis of an application for attorneys' fees should begin with the court's determination of a 'presumptively reasonable fee.'") (citations omitted).  The "presumptively reasonable fee" is calculated using the "lodestar" method, multiplying the attorneys' reasonable hourly rates by the number of hours reasonably expended.  *See Broadcast Music, Inc. v. Pamdh Enters., Inc.*, No. 13 Civ. 2255 (KMW), 2014 WL 2781846, at *6 (S.D.N.Y. June 19, 2014) (noting the "presumptively reasonable fee" standard is "a variation on the 'lodestar' method") (citing *Arbor Hill*, 522 F.3d at 183); *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (The "presumptively reasonable fee" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case.").  A district court has "considerable discretion" in determining a reasonable fee award.  *See Arbor Hill*, 522 F.3d at 190.

### B.      The Hourly Rates of Mic's Attorneys' Are Reasonable.

A reasonable hourly rate is the rate that a reasonable, paying client would be willing to pay "for similar services by lawyers of reasonably comparable skill, experience, and reputation" in the relevant community.  *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  *See also Arbor Hill*, 522 F.3d at 192 (courts "should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee") (citation omitted).

To assist courts in "stepping into the shoes of a reasonable, paying client," the Second Circuit has outlined a number of "case-specific variables" for courts to consider, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the  level of skill required to perform the legal service properly; (4) the preclusion of  employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the

attorneys; (10) the  "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n. 3 (citing *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

In addition to these variables, the actual billing arrangement between prevailing parties and private counsel is considered a significant factor in determining what fee is reasonable.  *See Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) (noting that "[t]he actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded"); *Diplomatic Man, Inc. v. Nike, Inc.*, No. 08 Civ. 139 (GEL), 2009 WL 935674, at *6 (S.D.N.Y. Apr. 7, 2009).

As set forth fully in the accompanying Declaration of Eleanor M. Lackman ("Lackman Decl."), the hourly rates and years of experience of each attorney and paralegal who worked on this case on Mic's behalf are as follows:

| Name | Title /Experience | Hourly Rate | Hours | Fees Incurred |
|---|---|---|---|---|
| Eleanor M. Lackman | Partner (16 years) | $570 (2018) | 14.1 | $8,037.00 |
| | | $600 (2019) | 2.2 | $1,320.00 |
| Lindsay R. Edelstein | Associate (5 years) | $295 (2018) | 23.1 | $6,814.50 |
| | | $335 (2019) | 5.0 | $1,675.00 |
| Richard Long | Paralegal (19 years) | $195 (2018) | 2.4 | $468.00 |
| | | $210 (2019) | 1.7 | $357.00 |
| | | **Totals:** | 48.5 | $18,671.50 |

Lackman Decl. ¶¶ 6-8.  These hourly rates are reasonable in light of the respective credentials and years of experience (*id.* at ¶¶ 7-8), and are commensurate or lower than those charged by comparable New York law firms (*id.* at ¶ 5).  *See also Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 323 (S.D.N.Y. 2014) (In determining whether a fee is reasonable, "the court

may [also] consider rates approved in prior cases and the court's own knowledge of reasonable rates in the district.") (citing *Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005)). [2]

As a partner with sixteen years of experience litigating intellectual property claims, Ms. Lackman's hourly rates of $570 (in 2018) and $600 (in 2019) are "well below what other courts in this district have found as reasonable" for partners.  *See, e.g., Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493 (KBF), 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour."); *Mahan v. Roc Nation, LLC*, No. 14 Civ. 5075 (LGS), 2016 WL 4718018, at *2 (S.D.N.Y. Sept. 9, 2016) (approving partners' hourly rates of $565 to $855); *Pamdh Enters.*, 2014 WL 2781846, at *7 (collecting cases approving partners' hourly rates of $400 to $735); *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (collecting cases approving hourly rates of $400 to $650 for partners in copyright and trademark cases); *GAKM Res. LLC v. Jaylin Sales Inc.*, No. 08 Civ. 6030 (GEL), 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (approving hourly rates of $650 and $600 for partners specializing in intellectual property litigation); *Diplomatic Man*, 2009 WL 935674, at **5-6 (approving partners' hourly rate of $650); *BMS Entm't/Heat Music LLC v. Bridges*, No. 04 Civ. 2584 (PKC), 2007 WL 1989292, at **2-4 (S.D.N.Y. July 6,

---

[2] Mic also seeks recovery of additional attorneys' fees incurred in bringing the instant motion. This category of fees is recoverable.  *See Crown Awards*, 564 F. Supp. 2d at 297 ("A fee award should usually include monies spent on the fee motion."); *Kovach v. City Univ. of N.Y.*, No. 13 Civ. 7198 (LGS), 2015 WL 5827414, at *3 (S.D.N.Y. Oct. 6, 2015) ("A party is entitled to the reasonable cost of preparing and defending a fee application.") (collecting cases).  *See, e.g., Bluelink Mktg. LLC v. Carney*, No. 16 Civ. 7151 (JLC), 2017 WL 5565223, at *3 (S.D.N.Y. Nov. 20, 2017) (awarding fees for the time spent on the fees motion).  Mic will also seek fees pertaining to its defense of the newly filed Motion to Reconsider.  *See Apex Oil Co. v. Belcher Co. of N.Y.*, 855 F.2d 1009, 1020 (2d Cir. 1988) ("[A]dvocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto.") (internal quotations and citation omitted).  A short supplemental submission will be filed as soon as practicable after the firm's accounting department processes the time entries and generates a bill.

2007) (approving hourly rates greater than $500 for experienced copyright litigators).  *See also* Karen Sloan, *$1,000 Per Hour Isn't Rare Anymore; Nominal billing levels rise, but discounts ease*, The National Law Journal, Jan. 13, 2014, at 2 ("Firms with their largest office in New York had the highest average partner and associate billing rates, at $882 and $520, respectively," with a realization rate of 83.5 percent).

Ms. Edelstein's hourly rate of $295 (in 2018) and $335 (in 2019) also falls well within the range of hourly rates deemed reasonable for associates in New York law firms.  *See, e.g., Genger v. Genger*, No. 14 Civ. 5683 (KBF), 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have . . . recently approved rates for law firm associates in the range of $200 to $450 per hour."); *Mahan*, 2016 WL 4718018, at *2 (approving associates' hourly rates of $300 to $553); *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 56 (S.D.N.Y. 2015) (approving hourly rate of $461 for second-year associate); *Walker v. Carter*, No. 12 Civ. 5384 (ALC) (RLE), 2016 WL 6820722, at *1 (S.D.N.Y. Aug. 29, 2016) (approving hourly rates of $370 to $425 for associates with between six and eight years of experience); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, No. 09 Civ. 8665 (JGK) (FM), 2010 WL 5538552, at *4 (S.D.N.Y. Dec. 6, 2010), *report and recommendation adopted*, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011) (approving rates between $355 and $400 per hour for associates); *Dweck v. Amadi*, No. 10 Civ. 2577 (RMB) (HBP), 2012 WL 3020029, at *4 & n.5 (S.D.N.Y. July 6, 2012) (collecting cases approving rates between $180 and $440 per hour for associates).

Mr. Long, an experienced litigation paralegal with several years in intellectual property litigation, billed at an hourly rate of $195 (in 2018) and $210 (in 2019), which are in the range of rates that this Court has deemed reasonable.  *See, e.g.*, *Diplomatic Man*, 2009 WL 935674, at **5-6 (approving $200 hourly rate for a paralegal); *Microban Prod. Co. v. Iskin Inc.*, No. 14 Civ. 05980

18

(RA) (DF), 2016 WL 4411349, at *13 (S.D.N.Y. Feb. 23, 2016) (finding a rate of $200 per hour reasonable for a "managing clerk" with five years of experience), *report and recommendation adopted* 2016 WL 4411414 (S.D.N.Y. Aug. 18, 2016); *Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs., Inc.*, No. 13 Civ. 2548 (KMW) (JLC), 2014 WL 1303434, at *9 (S.D.N.Y. Apr. 1, 2014) (finding a rate of $200 per hour "is reasonable and in line with the prevailing market rate for paralegals in this district") (collecting cases).

### C.     The Number of Hours Expended by Mic's Attorneys Is Reasonable.

"In calculating the number of 'reasonable hours,' the court looks to 'its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'"   *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (quoting *Di Filippo v. Morizio*, 759 F.2d 231, 236 (2d Cir. 1985)).   The Court must review the particular hours expended by counsel, with a view to the value of the work product to the client's case, and exclude any expenditure of time that is unreasonable.   *See Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994).   Exactitude, however, is not required.   *See G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 436 (S.D.N.Y. 2012) ("it is less important that judges attain exactitude, than that they use their experience with the case" and "the practice of law") (citation omitted).   Ultimately, since "attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court." *Clarke*, 960 F.2d at 1153 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

The number of hours Mic's counsel expended is reasonable.   In particular, Mic's counsel spent a total of 48.5 hours on this case, with 16.3 hours attributable to work performed by Ms. Lackman, 28.1 hours attributable to Ms. Edelstein, and 4.1 hours attributable to Mr. Long.   *See* Lackman Decl. at ¶ 6.   The work included evaluating Yang's claims, as alleged in his original and first amended complaints, and drafting multiple briefs in support of Mic's motion to dismiss both

iterations of Yang's complaint. *Id.* at ¶ 2. These hours are substantiated by "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *TCA Television*, 2017 WL 2418751, at *16 (citation omitted). *See also Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996) (citing *Cruz v. Local Union No. 3*, 34 F.3d 1148, 1160 (2d Cir. 1994)). *See* Lackman Decl., Ex. A. This case was leanly staffed, with one associate handling the majority of the work with partner supervision. *Id.* at ¶¶ 7-9. All of the work done was necessary and not redundant. *Id.* at ¶ 9.

The result is that Mic seeks a total of $18,671.50 in attorneys' fees, plus the additional attorneys' fees incurred in preparing and defending the instant fees motion. Not only is this a very reasonable amount in the context of today's legal market in New York, but it is approximately half of the amount of attorneys' fees awarded for a similar scope of work done by the CDAS firm in the *Konangataa* case. *See Konangataa*, 2017 WL 4776981, at *3 (awarding $30,839.00 to defendant Coed Media Group, LLC). *See also, e.g., Pyatt*, 2012 WL 1668248, at *7 (awarding $28,125 in attorneys' fees to each defendant, finding such amount is reasonable for work done in connection with a motion to dismiss); *Melodrama Publ'g, LLC v. Santiago*, No. 12 Civ. 7380 (JSR) (FM), 2015 WL 2380521, at *6 (S.D.N.Y. May 19, 2015) ("there is no reason to second guess the approximately 177.5 hours of attorney time that the [f]irm billed in the period before" the court granted the plaintiff's motion for judgment on the pleadings, i.e., from the commencement of the case in October 2012 through the decision in April 2013).

Accordingly, and because Mic has obtained excellent results, it should be permitted to recover its attorneys' fees in full. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (noting that the degree of the prevailing party's success is a critical factor in determining the reasonableness of the

fee award); *Hensley*, 461 U.S. at 435 (where the party "has obtained excellent results, his attorney should recover a full compensatory fee").

## **CONCLUSION**

For the reasons set forth herein, Mic respectfully requests that the Court award attorneys' fees and sanctions in the full amount requested pertaining to the Motion to Dismiss, the instant motion, and the Motion for Reconsideration just filed last night.  To the extent that the Court determines that both fees (assessed against Yang) and sanctions (assessed against Yang's counsel) are appropriate, Mic respectfully requests that both parties be held jointly and severally liable for the cost, to provide additional assurance that the compensation awarded hereunder will be paid to Mic.

Dated: New York, New York
         October 9, 2019

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP


By:   s/ Eleanor M. Lackman
        Eleanor M. Lackman
        Marissa B. Lewis
        437 Madison Avenue, 25th Floor
        New York, New York 10022
        Tel.: (212) 509-3900
        Fax: (212) 509-7239
        eml@msk.com

*Attorneys for Defendant Mic Network, Inc.*