UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN YANG,

                Plaintiff,

v.

MIC NETWORK, INC.,

                Defendant.

Case No. 18 Civ. 07628 (AJN)

## **DECLARATION OF ELEANOR M. LACKMAN**

ELEANOR M. LACKMAN declares as follows:

1. I am a Partner at the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), counsel for defendant Mic Network, Inc. ("Mic"). I was formerly a Partner and a member of the Executive Committee at the law firm of Cowan DeBaets Abrahams & Sheppard LLP ("CDAS"), which represented Mic in connection with the above-captioned action from its inception through my departure in June 2019. I served as lead counsel for Mic at all relevant times, both at CDAS and now at MSK, and submit this declaration in support of Mic's calculation of attorneys' fees and costs sought pursuant to 17 U.S.C. § 505.

2. Mic seeks to recover $18,671.50 in attorneys' fees reasonably incurred over the course of litigating this matter, from its inception through January 7, 2019. These attorneys' fees are associated with, *inter alia*, the assessment of plaintiff Stephen Yang's ("Yang") complaint (Dkt. No. 1) and later-filed first amended complaint (Dkt. No. 17), along with the motion to dismiss both iterations of Yang's complaint. The latter included drafting and filing Mic's motion to dismiss Yang's original complaint (Dkt. Nos. 12-15) as well as the moving and reply papers in support of Mic's motion to dismiss the first amended complaint (Dkt. Nos. 19-21, 25).

3. Attached hereto as Exhibit A are true and correct copies of the invoices that CDAS sent to Mic in connection with this matter. The invoices (five in total) reflect time billed on this matter from September 22, 2018 through January 7, 2019.

4. Each attorney and paralegal who performed professional services for Mic in this case maintained a detailed time record of his or her services rendered and the time expended on a daily basis. These time records were entered into a computer database (known as Juris) that is maintained by CDAS's accounting and billing department in the ordinary course of business and is used to create monthly bills. The accounting and billing department generated preliminary reports (pre-bills) that were reviewed by me, as the primary litigation attorney responsible for this matter. I reviewed the entries for accuracy, and I revised them as necessary. The accounting and billing department entered any revisions made by me into a computerized database and generated the attached invoices therefrom.

5. The hourly rates charged by CDAS partners and associates are commensurate with, and in many cases lower than, those charged by other New York intellectual property and entertainment law firms of comparable size and reputation. CDAS is a boutique firm that focuses on entertainment and intellectual property matters, and its litigation attorneys have handled a variety of copyright lawsuits for media defendants, including some of the cases cited in the accompanying Memorandum of Law.

6. The attorneys and paralegal assigned to represent Mic in this matter are identified in the chart below, which reflects time billed from September 22, 2018 through January 7, 2019.[1] As reflected in the chart and accompanying invoices, the attorneys' and paralegal's hourly rates

---

[1] A short supplemental submission reflecting the time billed on this matter in connection with the instant motion for fees and sanctions will be filed as soon as practicable.

increased at the start of 2019 following careful consideration by CDAS of the value and the market. As the cases cited in the accompanying Memorandum of Law reflect, the hourly rates identified below are reasonable in light of the billers' experience level and backgrounds; the qualifications of the primary billers, Ms. Edelstein and me, are detailed below.

| Name | Title /Experience | Hourly Rate | Hours | Fees Incurred |
|---|---|---|---|---|
| Eleanor M. Lackman | Partner (16 years) | $570 (2018) | 14.1 | $8,037.00 |
| | | $600 (2019) | 2.2 | $1,320.00 |
| Lindsay R. Edelstein | Associate (5 years) | $295 (2018) | 23.1 | $6,814.50 |
| | | $335 (2019) | 5.0 | $1,675.00 |
| Richard Long | Paralegal (19 years) | $195 (2018) | 2.4 | $468.00 |
| | | $210 (2019) | 1.7 | $357.00 |
| | | **Totals:** | 48.5 | $18,671.50 |

7.      I earned my J.D. from Fordham University School of Law in 2003. My entire career has focused primarily on litigation of copyright and trademark cases. My prior work history includes litigating numerous copyright cases involving early motions on the merits, and my intellectual property work has been recognized by *Chambers USA*, *Super Lawyers*, *Variety*, *Law360* and other leading legal publications. A significant portion of my IP work has been handled for clients in the media and entertainment industries, and I have represented Mic in various copyright and trademark matters since early 2014. I have served as lead counsel in this matter and supervised and counseled on all aspects of this litigation, including reviewing and revising every filing submitted on behalf of Mic in this action, including the motion papers in support of its motion to dismiss. My law firm biography is available on MSK's website, https://www.msk.com/attorneys-Eleanor_M_Lackman.

8.      Lindsay R. Edelstein is a fifth-year litigation associate in CDAS's litigation group. Ms. Edelstein earned her J.D. from the Benjamin N. Cardozo School of Law in 2013. Since joining

CDAS in 2017, Ms. Edelstein's practice has focused on representing entertainment and media clients in intellectual property matters and in litigation. She was involved in all aspects of this litigation, and was primarily responsible for the research and drafting of Mic's motion to dismiss. Ms. Edelstein's law firm biography is available on CDAS's website, https://wwww.cdas.com/attorney/Lindsay_Edelstein/.

9. Ms. Edelstein, Mr. Long, and I were responsible for different tasks, and there was little to no duplication of efforts between us.

10. The number of hours the CDAS team spent on this case is comparable, or less than, most litigations of similar scope. In addition to having handled dozens of similar lawsuits for several online media companies, which has included budgeting and review of bills, I can make this conclusion regarding comparability of cost in part due to the fact that CDAS defended another client, Coed Media Group, LLC, against a similarly frivolous claim of copyright infringement brought by the same lawyer that represents Yang in this case, namely, Richard Liebowitz. Nearly twice the fees incurred in this action were awarded to Coed in the *Kanongataa* case in the context of a motion to dismiss. *See Kanongataa v. Coed Media Group, LLC*, No. 16 Civ. 07474 (LAK) (S.D.N.Y.).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 9, 2019

                                                          ELEANOR M. LACKMAN