

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890
eml@msk.com

July 29, 2020

**VIA ECF**
Hon. Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:     *Yang v. Mic Network, Inc.*, Case No. 18 Civ. 07628 (AJN) (S.D.N.Y.)

Dear Judge Nathan:

We respectfully write regarding defendant Mic Network, Inc.'s ("Mic") pending Motion for Entry of Attorneys' Fees and Sanctions in the above-referenced action, which was filed on October 9, 2019 (Dkt. No. 30) and fully briefed as of November 13, 2019.  Specifically, we wish to call Your Honor's attention to decisions issued during the pendency of Mic's Motion which underscore the already pressing need to hold plaintiff Stephen Yang and especially his counsel, Richard Liebowitz, accountable for the significant expense that Mic was forced to incur in defending against Yang's meritless lawsuit that sought to enjoin discussion of a matter of public concern.

To briefly recap, this case is an archetypal example of the copyright litigation for which Mr. Liebowitz has become known:   claims brought and pressed regardless of the presence of indisputable defenses.  This action involves a classic example of a use insulated by the fair use doctrine.  In particular, Yang licensed his photograph of a young business executive to the *New York Post* for use in an article profiling the executive and his dating life.  The day after the article ran, Mic posted its own article on its website entitled *Twitter is skewering the 'New York Post' for a piece on why a man "won't date hot women,"* which included a partial image of the *Post* article and, incidentally, a cropped version of Yang's photograph as it appeared directly underneath the *Post*'s headline.  This Court, unsurprisingly, dismissed Yang's copyright infringement claim on the face of the Amended Complaint, finding Mic's use of the photograph was fair.  Dkt. No. 26. One commentator, a leading professor on media and technology law, remarked that "this case practically screamed 'FAIR USE'" and noted, "in case it wasn't obvious," that it was "Richard Liebowitz" "who thought this was a worthwhile case to bring."  Eric Goldman, *Partial Screenshot Qualifies as Fair Use (on a Motion to Dismiss) - Yang v. Mic*, Tech. & Mktg. L. Blog (Oct. 5, 2019), https://blog.ericgoldman.org/archives/2019/ 10/partial-screenshot-qualifies-as-fair-use-on-a-motion-to-dismiss-yang-v-mic.htm.

Despite the Court finding the use "transformative in *three ways*" (*id.* (emphasis added)), true to form, Yang requested that the Court reconsider, occasioning more expense on Mic's behalf.  *See* Dkt. No. 28.  Yang's reflexively filed motion to reconsider, which remains pending, should be denied, as intervening cases confirm.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900  Fax: (212) 509-7239  Website: WWW.MSK.COM



In Mic's pending Motion, Mic seeks an award of attorneys' fees and the imposition of sanctions, to be borne jointly and severally by Yang and Mr. Liebowitz, in order to make Mic whole for the resources it has needlessly expended on yet another frivolous "Liebowitz case" that, like others, have sought to use copyright law to chill the ability to use photographs for purposes of reporting, commentary, and criticism in transformative ways.[1]  Mic also seeks an award to deter future litigants from bringing such claims, which frustrate the very purpose of the Copyright Act. Developments in the interim confirm that such an award is particularly warranted here.

First, a recent ruling suggests that Mr. Liebowitz has not been deterred from pursuing uses that are clearly insulated by the statutory fair use doctrine.  Indeed, in a case that is on all fours with this one, *Walsh v. Townsquare Media, Inc.*, No. 19 Civ. 4958 (VSB), 2020 WL 2837009 (S.D.N.Y. June 1, 2020), Judge Broderick granted a motion to dismiss a case filed after Mr. Liebowitz was on notice of Mic's motion here.

Second, since the filing of the Motion for Fees and Sanctions, courts have well-documented the persistent actions of Mr. Liebowitz to use the resources of the courts as a tool to perpetuate cases that Mr. Liebowitz should know have fatal problems.  As he recently told a client, "[y]ou roll the dice, you see what you get." *Craig v. Popmatters Media, Inc.*, No. 18 Civ. 1713 (SMY), Dkt. No. 23 (S.D. Ill. July 14, 2020).  The aggregate injury resulting to innocent parties who have had to defend such claims and/or settle them, due to the cost of litigation, is untold.[2]

Most recently, on June 26, 2020, Judge Furman issued a careful and critical opinion detailing Mr. Liebowitz's misconduct, noting that "he has earned [the] dubious distinction" of being "one of the most frequently sanctioned lawyers, if not *the* most frequently sanctioned lawyer, in this District." *Usherson v. Bandshell Artist Mgmt.*, No. 19 Civ. 6368, 2020 WL 3483661, at \*1 (S.D.N.Y. June 26, 2020) (emphasis in original).  A copy of Judge Furman's Opinion and Order—which Mr. Liebowitz has been ordered, as part of the imposed sanctions, to file on the docket of this case and "any [other] currently pending case brought by Mr. Liebowitz or his firm" by July 27, 2020 (*id.* at \*22)—is attached hereto as Exhibit A, as it has not yet been filed in this action despite the court's order.[3]  The defendant in that case could fight, as counsel represented it *pro bono*.  Most defendants are not so lucky and face the expensive choice of settling or fighting.

---

[1] During the pendency of this action but with motion practice having been commenced, Mic suddenly ceased doing business. Certain of its assets, including the mic.com domain name, were acquired by BDG Media, Inc. ("BDG").  Because this action was already pending at the time of acquisition, and involved an article posted on mic.com (albeit by Mic and well prior to the acquisition), BDG has supported (and continues to support) the defense in this matter, including by paying the attorneys' fees relating to this issue that is so important to the right of the media to engage in free speech and commentary for the benefit of the public on an issue of public interest.

[2] This situation evidently happened here.  *See* Dkt. No. 34 at pp. 1-2.

[3] The Second Circuit denied Mr. Liebowitz and his firm's emergency motion for an immediate stay of the non-monetary sanctions set forth in Judge Furman's Opinion and Order, including the portion requiring Mr. Liebowitz to file a copy thereof in all pending cases by July 27, 2020. *Usherson v. Bandshell Artist Mgmt.*, Docket No. 20-2304, Doc. No. 24 (2d Cir. July 27, 2020).



While the numerous sanctions and similar orders cited in Mic's Motion are amply sufficient to document Mr. Liebowitz's practice of filing frivolous claims without regard for their lack of merit or the plainly case-dispositive defenses, decisions issued during the pendency of Mic's Motion expose slapdash conduct by Mr. Liebowitz which underscores why the relief sought here is so necessary, warranted, and equitable, particularly where basic principles of fair use are chilled by his unrestrained approach to "playing the odds" in litigation.  As a federal judge in Colorado recently stated, "the hits [against Mr. Liebowitz] are coming so fast it is hard to keep up." *Mondragon v. Nosrak LLC et al.*, No. 19 Civ. 01437 (CMA) (NRN), Dkt. No. 58 (D. Colo. May 27, 2020).  The following is a non-exhaustive list of offenses added to Mr. Liebowitz's record in the roughly six months since submission of Mic's Motion:

- Judge Kaplan ordered Mr. Liebowitz to pay more than $28,000 in attorneys' fees as a sanction for failing to disclose information relevant to the defendant's fair use defense in a case over use of paparazzi photos.  *Sands v. Bauer Media Grp. USA LLC*, No. 17 Civ. 09215 (LAK), Dkt. No. 81 (S.D.N.Y. Dec. 17, 2019).

- Judge Carter imposed a $10,000 sanction against Mr. Liebowitz, and ordered his client to pay defendants $90,000 in attorneys' fees, for, *inter alia*, "failing to investigate the evidentiary basis" for the infringement claim and "advanc[ing] objectively unreasonable and frivolous arguments."  *Rock v. Enfants Riches Deprimes LLC*, No. 17 Civ. 02618 (ALC), Dkt. No. 71 (S.D.N.Y. Jan. 19, 2020).  The plaintiff's motion to reconsider was denied.  *Id.*, Dkt. No. 82.

- An Illinois federal judge ordered Mr. Liebowitz's client to pay defendant more than $24,000 in attorneys' fees given "persuasive evidence" that the "motivation in filing th[e] action was to obtain proceeds from a settlement rather than to protect against infringing use of his copyright."  *Glen Craig v. Popmatters Media, Inc.*, No. 19 Civ. 5596 (RAG), Dkt. No. 30 (N.D. Ill. Mar. 23, 2020).

- An Illinois federal judge imposed a $20,000 sanction on Mr. Liebowitz, noting "that he likely filed [the] action as a bad faith, frivolous effort to harass [the defendant]."  *Ward v. Consequence Holding, LLC*, Case No. 18 Civ. 01734 (NJR), 2020 WL 2219070, at *3 (S.D. Ill. May 7, 2020).

That Mr. Liebowitz and his client brought and maintained an infringement claim as frivolous as this one cannot be chalked up to a mere oversight or negligence.  It is part and parcel to Mr. Liebowitz's "business model," which despite all of the above (and more), he has yet to be deterred from pursuing.  In fact, his firm has churned out more than 425 cookie-cutter copyright infringement complaints this year alone; not even a worldwide pandemic slowed the firm down. *See* Exhibit B.  There is no conceivable way that an attorney filing cases at such a pace could have done proper pre-suit investigation, as required, into whether Yang's claims were warranted by existing law or a non-frivolous argument for extending, modifying, or reversing it, *see* Fed. R. Civ. P. 11(b)(2), and the willful insistence in perpetuating it – at significant cost to a media organization that was trying to comment on an issue of note – appeared designed only to keep the case alive long enough to extract a settlement, *see* Fed. R. Civ. P. 11(b)(1). Accordingly, Mic respectfully requests that the Court take these recent developments into consideration and grant its pending Motion for Entry of Attorneys' Fees and Sanctions.

We thank the Court for its continued time and attention to this matter.



Page 4

Respectfully submitted,

Eleanor M. Lackman

cc:      All counsel of record (via ECF)