UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN YANG<br><br>                    Plaintiffs,<br><br>- against –<br><br>MIC NETWORK INC.<br><br>                    Defendant. | 1:18-cv-07628 (AJN)<br><br>ECF Case<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUR-REPLY [ECF Docket # 39])** |

Plaintiff Stephen Yang ("Plaintiff"), via counsel, respectfully moves the Honorable Court to STRIKE Docket #39 from the record on grounds that: (a) additional briefing is not authorized by the Federal Rules of Civil Procedure nor the Local Rules of this Court; and (b) Defendant failed to seek leave of Court prior to filing additional briefing.

Defendant Mic Network ("Defendant")'s motivation for filing its unauthorized sur-reply was to level *ad hominem* attacks against Plaintiff's counsel that have no bearing on the facts of this case. But in doing so, Defendant has willfully violated the applicable rules of civil procedure and, as a result, its unauthorized filing [Dkt. #39] should be properly STRICKEN from the record.

### RELEVANT PROCEDURAL BACKGROUND

- On September 25, 2019, the Clerk entered final judgment dismissing this action. [ECF Docket ("Dkt.") #27].

- On October 9, 2019, Defendant filed a motion for its attorneys' fees and for sanctions [Dkt. # 30]

- On October 23, 2019, Plaintiff filed his opposition brief to the Defendant's attorneys' fees/sanctions motion. [Dkt. #34]

- On November 13, 2019, Defendant filed its reply brief in further support of its motion for attorneys' fees and for sanctions [Dkt. #38]

- On July 29, 2020, Defendant, without leave of Court, filed a four-page letter brief and 74 pages of exhibits which sought to supplement Defendant's fully-briefed attorneys' fees motion with: (a) personal invective directed at Plaintiff's counsel; and (b) district court cases involving different parties and facts which are not binding on this Court and which bear no relevance to whether Defendant should be awarded attorneys' fees for defending a cutting-edge infringement case involving the interplay between the fair use doctrine and social media. [Dkt. #38]

## ARGUMENT

**DEFENDANT'S UNAUTHORIZED SUR-REPLY SHOULD BE STRICKEN BECAUSE IT VIOLATES LOCAL RULE 6.1(b) AND JUDICIAL PRECEDENT WHICH PROHIBITS THE FILING OF ADDITIONAL BRIEFS WITHOUT LEAVE OF COURT**

"[T]the decision to permit a litigant to submit a surreply is a matter left to the Court's discretion, since neither the Federal Rules of Civil Procedure nor the Local Civil Rules of this court[1] authorize litigants to file surreplies." *Kapiti v. Kelly,* No. 07 Civ.

---

[1] S.D.N.Y. Local Civil Rule 6.1 (b) provides: "On all civil motions, petitions, and applications, other than those described in Rule 6.1(a),and other than petitions for writs of habeas corpus, (1) the notice of motion, supporting affidavits, and memoranda of law shall be served by the moving party on all other parties that have appeared in the action, (2) any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers, and (3) any reply affidavits and memoranda of law shall

3782(RMB)(KNF), 2008 WL 754686, at *1 n. 1 (S.D.N.Y. Mar. 12, 2008) (KNF). Accordingly, courts in this Circuit routinely strike sur-replies or additional briefing that have been filed without leave of Court. *See, e.g.*, *Aquino v. SAG AFTRA*, No. 16-CV-0146(JS)(GRB), 2017 WL 912063, at *2 (E.D.N.Y. Mar. 7, 2017) ("Plaintiff did not request leave to file the Sur-Reply and the Court did not otherwise grant permission to submit additional briefing. Accordingly, Defendants' motion to strike is GRANTED and Plaintiff's Sur-Reply is STRICKEN."); *Yates v. Hulihan*, No. 09-CV-6303 CJS VEB, 2010 WL 10826956, at *3 (W.D.N.Y. Sept. 30, 2010) (striking unauthorized sur-reply on grounds that petitioner failed to seek leave of court); *accord Chaney v. Stewart*, 2015 WL 1538021, at *1 (D. Vt. Apr. 7, 2015) (explaining that "[t]he Local Rules do not provide for the filing of a sur[-]reply," and that sur-replies are permissible with the leave of court or under extraordinary circumstances).

"Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless volley of briefs.' " *Kapiti,* 2008 WL 754686, at *1 n. 1 (quoting *Byrom v. Delta Family Care–Disability and Survivorship Plan,* 343 F.Supp.2d 1163, 1188 (N.D.Ga.2004)).

Here, without leave of Court, Defendant filed an additional four-page brief stylized as a "Letter" which proffers additional arguments in support if its fully-briefed motion for attorneys' fees and sanctions. [Dkt. #39] Defendant is seeking to capitalize on sanctions orders imposed on Mr. Liebowitz in other unrelated cases which have no bearing on the pending motion in this matter. Contrary to Defendant's false

---

be served within seven days after service of the answering papers." On it face, the Local Rules of this Court do not authorize the filing of sur-replies or "supplemental" briefs.

representations, the Liebowitz Law Firm has demonstrated a *bona fide* commitment to limiting application of the fair use defense, thereby demarcating the boundaries of this cutting-edge area of intellectual property law for the benefit of copyright holders *and* publishers.[2]

Under applicable rules, Defendant's supplemental brief was filed <u>without leave</u> of Court in violation of Local Rule 6.1(b) and in contravention of well-established precedent which prohibits the filing of supplemental briefing without leave of Court.

## **CONCLUSION**

For the foregoing reasons, and in the further interests of justice, the Court should GRANT Plaintiff's Motion to Strike Docket #39 from the Record. If the Court does not

---

[2] Liebowitz Law Firm has consistently litigated the fair use defense on the merits and has <u>prevailed</u> at the Rule 56 stage. *See, e.g., Cruz v. Cox Media Grp., LLC*, No. 18CV1041NGGAKT, 2020 WL 1234458 (E.D.N.Y. Mar. 13, 2020) (rejecting fair use defense and granting summary judgment to plaintiff-photographer); *Sands v. CBS Interactive, Inc.,* 18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) (rejecting fair use defense and granting summary judgment to photographer); *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412 (S.D.N.Y. 2018) (same); *Ferdman v. CBS Interactive Inc.,* 342 F. Supp. 3d 515 (S.D.N.Y. 2018) (dismissing fair use defense on summary judgment with respect to seven photographs).

Liebowitz Law Firm has also consistently defeated the fair use defense at the Rule 12 stage. *See, e.g.*, *Reilly v. Louder With Crowder, LLC*, No. 3:20-CV-0395-S, 2020 WL 4016252, at *1 (N.D. Tex. July 16, 2020) )denying Rule 12 based on fair use); *Hirsch v. Complex Media, Inc.,* No. 18 CIV. 5488 (CM), 2018 WL 6985227, at *1 (S.D.N.Y. Dec. 10, 2018) (denying motion to dismiss based on defense of fair use); *Hirsch v. CBS Broad. Inc.,* No. 17 CIV. 1860 (PAE), 2017 WL 3393845, at *1 (S.D.N.Y. Aug. 4, 2017) (denying motion to dismiss infringement claim on grounds of fair use); *Rothenberg v. Museum of Fine Arts, Houston,* 4:19-cv-3026 (S.D. Tex. June 8, 2020) (denying Rule 12 motion based on fair use defense) (Docket #37); *Wohr v. Texas Media Group, LLC*, 19-cv-565-LY (W.D. Texas) (denying Rule 12 motion based on fair use defense) (Docket #13).

strike Defendant's supplemental briefing, then Plaintiff respectfully requests the opportunity to file a four-page letter response with accompanying exhibits.

                                              Respectfully submitted,

                                              LIEBOWITZ LAW FIRM, PLLC

                                              **By: /RichardLiebowitz/**
                                              Richard Liebowitz
                                              11 Sunrise Plaza, Suite 305
                                              Valley Stream, New York 11580
                                              (516) 233-1660
                                              rl@liebowitzlawfirm.com

                                              *Attorneys for Plaintiff*