USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___11/9/20___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Stephen Yang,

               Plaintiff,

       –v–

Mic Network, Inc.,

               Defendant.

---

18-cv-7628 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff brought this action in 2018 for copyright infringement, alleging that Mic Network used his photograph without authorization. Defendant then moved to dismiss and, in September 2019, the Court granted that motion in full and dismissed Plaintiff's complaint with prejudice. After that decision, Plaintiff moved for reconsideration of the Court's opinion, and Defendant moved for attorney's fees and sanctions. For the reasons that follow, the Court denies Plaintiff's motion for reconsideration and denies Defendant's motion for fees and sanctions.

## I.      BACKGROUND

Plaintiff Stephen Yang is a professional photographer who licenses his photos to online and print media for a fee. Complaint, Dkt. No. 17, ¶ 5. In April 2017, Plaintiff took a photograph of Dan Rochkind (the Photograph). Compl. ¶ 7. The Photograph was then licensed to the *New York Post*, which ran an article entitled *Why I Don't Date Hot Women Anymore* about Rochkind and his dating life (the Post Article). Compl. ¶ 8; Dkt. No. 17-2. The Post Article featured the Photograph. Compl. ¶ 8.

Soon after, Defendant Mic Network posted an article entitled *Twitter is skewering the 'New York Post' for a piece on why a man "won't date hot women"* (the Mic Article). Compl.

¶ 11; Dkt. No. 17-4.  The Mic Article includes not the full Photograph, but rather a screenshot of the Post Article, which includes the headline of the Post Article, the author's name, the date, and roughly the top half of the photograph (the Screenshot).  Compl. ¶¶ 11–12; Dkt. No. 17-4.  Defendant did not license the Photograph, nor did it have Plaintiff's permission or consent to publish the Photograph.  Compl. ¶ 13.

In August 2018, Plaintiff filed this suit for copyright infringement.  Dkt. No. 1.  After Defendant moved to dismiss, Plaintiff filed an amended complaint, which is the operative pleading in this case.  *See* Dkt. No. 17.  Defendant then renewed its motion to dismiss on the grounds that Defendant's use of the Photograph was protected by the fair-use doctrine.  Dkt. No. 19.

On September 24, 2019, the Court granted Defendant's motion and dismissed the complaint with prejudice.  *Yang v. Mic Network, Inc.*, 405 F. Supp. 3d 537 (S.D.N.Y. 2019).  The Court reasoned that Defendant's use was protected as fair, primarily because it was transformative in several respects.  *Id.* at 542–545.  Following the Court's decision, Plaintiff moved for reconsideration.  Dkt. No. 28.  Defendant then moved for attorney's fees and sanctions.  Dkt. No. 30.  These two motions are now before the Court.

## II.   PLAINTIFF'S MOTION FOR RECONSIDERATION IS DENIED

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court."  *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011).  "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests

of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).   A motion for reconsideration is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").   The standard for granting a motion for reconsideration "is strict and reconsideration is generally denied."  *Weiss v. City of New York*, No. 96-cv-8281 (LTS), 2003 WL 21414309, at *1 (S.D.N.Y. June 19, 2003).

Plaintiff brings three arguments in favor of reconsideration, but none succeeds.  First, he argues that the Court's earlier decision "overlooked that Plaintiff's copyrighted photograph is a separate and distinct asset from the New York Post article."  Pl. Br., Dkt. No. 29, at 3.  Yang claims that this distinction warrants reconsideration of the Court's conclusion that Defendant's use was transformative under the first fair-use factor.  To be sure, Plaintiff is correct that "Yang's ownership interest resides in the Photograph itself," not in the *New York Post* article.  *Id.* at 3–5.  However, the Court clearly and repeatedly distinguished between the Photograph and the Post Article.  *See, e.g.*, *Yang*, 405 F. Supp. 3d at 541.  And as the Court made clear, "it is clear from the face of the Mic Article that it was using the Screenshot to identify the subject of controversy—the Post Article—and to illustrate why the article has been controversial."  *Id.* at 543.  Courts have repeatedly found such uses to be transformative.  *See, e.g.*, *Barcroft Media,*

*Ltd. v. Coed Media Grp.*, LLC, 297 F. Supp. 3d 339, 352 (S.D.N.Y. 2017).  And the Court noted

that "the Mic Article uses the Photograph to place Rochkind in a harshly negative light, while the

original use of the Photograph [in the Post Article] placed him in a positive, or at least neutral

light." *Yang*, 405 F. Supp. 3d at 544–45.  The Court thus recognized the distinction between the

Photograph and the Post Article and nonetheless concluded that Defendant's use of the

Photograph was transformative.  *Accord Clark v. Transp. Alts., Inc.*, No. 18-cv-9985 (VM), 2019

WL 1448448, at *2 (S.D.N.Y. Mar. 18, 2019).  Indeed, the Court notes that Yang advanced a

substantially similar argument in opposition to Defendant's initial motion, and the Court rejected

this position.  *See* Dkt. No. 22 at 11–15.

 Next, Plaintiff contends that the Court's "transformative analysis [took] for granted that

the New York Post article is a 'serious' piece of reporting . . . some may regard the New York

Post Article as 'tongue-in-cheek' and satirical in its own right."  Pl. Br. at 5–7.  However,

Plaintiff did not advance this argument in opposition to the original motion, and the Court

therefore need not consider it here.  *See Analytical Surveys, Inc.*, 684 F.3d at 62; *see, e.g.*, Dkt.

No. 22 at 17.  And even if this argument was preserved, it would still fail, as the Mic Article

would still—even accepting Plaintiff's well-pleaded allegations as true—be criticizing the Post

Article, its subject Rochkind, and how he was portrayed in the Article's image and text.

Defendant's use would therefore still be transformative.

 Finally, Plaintiff argues that the Court "overlooked [the] widespread use of the

Photograph in a similar manner," which "establishes a potential market in which Yang has an

expectation to collect fees."  Pl. Br. at 7.  Again, Yang advanced this argument in opposition to

the motion to dismiss, and the Court rejected it.  *Compare* Dkt. No. 22 at 22–24 *with Yang*, 405

F. Supp. 3d at 547–48.  As the Court explained, "the Photograph does not appear on its own in

the Mic Article, but as part of a composite Screenshot including the Post Article's headline, the author's byline, and the date and time.  In light of the cropped and composite manner in which the Mic Article presents the Photograph, it is implausible that potential purchasers would opt to use the Screenshot rather than license the original Photograph." *Id.* at 548.  Plaintiff has not presented any new reason, let alone a change in binding law or evidence of clear error, that would support reconsidering this result.  *See Kolel Beth Yechiel Mechil of Tartikov*, 729 F.3d at 104.   The Court thus rejects this argument as a basis for reconsideration.

* * * * *

Many of Yang's arguments in support of his motion for reconsideration boil down to policy concerns.  For example, he contends that the Court "opened Pandora's box by allowing news publishers to steal photographs by means of 'composite Screenshots.'"  Pl. Br. at 5.  And he argues that the Court's decision allows "secondary publishers [to] just rip off whatever photographs they like based on some controversy raised by an accompanying literary work."  *Id.*

However, it is not the Court's role to decide each copyright dispute as a matter of first impression based upon what would make good policy.  Instead, the Court in its September 2019 Opinion applied binding Supreme Court and Second Circuit precedent to determine that Defendant's use was fair and thus protected from liability.  And in his motion for reconsideration, Plaintiff has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104.  The Court thus denies his motion for reconsideration.

### III.    DEFENDANT'S MOTION FOR FEES AND SANCTIONS IS DENIED

#### A.  The Copyright Act Does Not Entitle Defendant to Fees

Defendant contends that the Copyright Act entitles it to attorney's fees of about $20,000.

Dkt. No. 31, Def. Br., at 16.  The Copyright Act provides courts discretion to award the

prevailing party in an infringement action its costs, including reasonable attorney's fees.  17

U.S.C. § 505.  An award of fees and costs is not automatic; rather, the district court has

discretion to determine whether such assessment would be fair.  *See Knitwaves, Inc. v. Lollytogs*

*Ltd.*, 71 F.3d 996, 1011 (2d Cir. 1995).  To determine whether fees are warranted, courts

consider "several nonexclusive factors," including "frivolousness, motivation, objective

unreasonableness[,] and the need in particular circumstances to advance considerations of

compensation and deterrence."  *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985

(2016) (alteration in original) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)); *see*

*also Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).  And in exercising its

discretion to award fees, the Court must keep in mind the Copyright Act's purpose: "enriching

the general public through access to creative works."  *Fogerty*, 510 U.S. at 527.

The Court begins with the objective reasonableness of Plaintiff's lawsuit.  A lawsuit or

litigation position is objectively reasonable if it has "a reasonable basis in law and fact."

*Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 108 (2d Cir. 2014); *see also Jovani Fashion,*

*Ltd. v. Cinderlla Divine, Inc.*, 820 F. Supp. 2d 569, 573 (S.D.N.Y. 2011) (position is objectively

unreasonable if it is "clearly without merit or otherwise patently devoid of legal or factual basis"

(internal quotation omitted)).  A "lack of success on the merits, without more, does not establish

that the non-prevailing party's position was objectively unreasonable."  *Overseas Direct Imp.*

*Co. v. Family Dollar Stores Inc*., No. 10-cv-4919 (JGK), 2013 WL 5988937, at *2 (S.D.N.Y.

Nov. 12, 2013); *see also Kirtsaeng*, 136 S. Ct. at 1988 ("No matter which side wins a case, the

court must assess whether the other side's position was (un)reasonable . . . Courts every day see reasonable defenses that ultimately fail . . . .").

Here, the Court concluded that, even accepting Plaintiff's allegations as true, Plaintiff had failed to state a plausible claim for copyright infringement, as Defendant's use was transformative and thus fair for several reasons.  *See Yang*, 405 F. Supp. 3d at 542.  Still, although the Court granted Defendant's motion to dismiss, Plaintiff's position in bringing this lawsuit was not objectively unreasonable.  Plaintiff's opposition to the motion to dismiss made reasonable arguments under the circumstances, cited applicable precedents, and gave reasoned explanations for why an action for copyright infringement should lie here.  *See* Dkt. No. 22.  Indeed, the Court concluded that several fair-use factors cut in favor of Plaintiff's position, though these factors were not ultimately dispositive.  *See* Yang, 405 F. Supp. 3d at 546 (noting that Defendant plausibly acted in bad faith), *id.* (holding that the second fair-use factor, nature of the work, cut "slightly in Plaintiff's favor, if at all").  The Court thus cannot conclude that Plaintiff's position was "clearly without merit or otherwise patently devoid of legal or factual basis."  *Jovani Fashion*, 820 F. Supp. 2d at 573.

In a strikingly similar case—involving the same attorneys as this case and brought against the same defendant—Judge Batts dismissed the plaintiff's complaint because defendant's purportedly infringing use was de minimis.  *Rudkowski v. MIC Network, Inc.*, No. 17-cv3647 (DAB), 2018 WL 1801307, at **3–4 (S.D.N.Y. Mar. 23, 2018), *appeal withdrawn*, No. 18-2686, 2018 WL 6536114 (2d Cir. Nov. 2, 2018).  As here, plaintiff then moved for reconsideration, and defendant moved for fees and sanctions.  Judge Batts denied reconsideration, and then denied defendant's motion for fees because there was "no Second Circuit case directly addressing" the claim at issue and because "Plaintiff [had] made reasonable argument for the extension" of

binding precedent.  No. 17-cv-3647 (DAB), Dkt. No. 36 at 12–13 (S.D.N.Y. Sept. 6, 2018).  The

same is true here.  Indeed, as the Court explained in *TCA Television Corp. v. McCollum*, "the

fact that the plaintiffs' position on the fair use issue was ultimately vindicated does not require a

determination that their litigation position was objectively reasonable."  No. 15-cv-4325 (GBD),

2017 WL 2418751, at *10 (S.D.N.Y. June 5, 2017), *report and recommendation adopted*, 2018

WL 2932724 (S.D.N.Y. June 12, 2018).  Though Plaintiff was unsuccessful in this litigation, its

filing of the case and subsequent arguments were not objectively unreasonable.  The Court thus

concludes that the objective reasonableness factor cuts against fee shifting.  *See also Otto v.*

*Hearst Communications*, No. 17-cv-4712 (GHW), 2020 WL 377479, at *3 (S.D.N.Y. Jan. 23,

2020) (denying motion for fees in part because the "applicability of the fair use defense is a

complex, fact-driven inquiry . . . and the context of this case was relatively novel); *Muller v.*

*Twentieth Century Fox Film Corp.*, No. 08-cv-2550 (DC), 2011 WL 3678712, at *1 (S.D.N.Y.

Aug. 22, 2011).

    Still, "objective reasonableness [is] . . . not the controlling" factor to the fees inquiry.

*Kirtsaeng*, 136 S. Ct. at 1988.  Courts may also consider "a party's litigation misconduct,

whatever the reasonableness of his claims or defenses," and may also "deter repeated instances

of copyright infringement or overaggressive assertions of copyright claims."  *Id.*  And the Court

may consider whether either party acted with improper motivation.  *See Baker v. Urb. Outfitters,*

*Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) ("[T]he

presence of improper motivation in bringing a lawsuit or other bad faith conduct weighs heavily

in favor of an award of costs and fees.").

    The Court recognizes that Plaintiff's counsel, Mr. Richard Liebowitz, has in just a few

years "become one of the most frequently sanctioned lawyers, if not *the* most frequently

sanctioned lawyer, in the District." *Usherson v. Bandshell Artist Mgmt.*, No. 19-cv-6368 (JMF), 2020 WL 3483661, at *1 (S.D.N.Y. June 26, 2020) (emphasis in original).  Indeed, Courts in this District have deemed Mr. Liebowitz "a copyright troll."  *See, e.g.*, *McDermott v. Monday Monday, LLC*, No. 17-cv-9230 (DLC), 2018 WL 5312903, at *2, (S.D.N.Y. Oct. 26, 2018).  In particular, Mr. Liebowitz has gained a reputation for bringing large quantities of strike suits, including frivolous copyright claims, in an effort to cajole defendants into settlements.  *See Usheron*, 2020 WL 3483661, at **1–2; *Konangataa v. Am. Broadcastingcompanies, Inc.,* No. 16-cv-7382 (LAK), 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017); *Reynolds v. Hearst Commc'ns, Inc.*, No. 17-cv-6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) ("A number [of] Mr. Liebowitz's cases have been dismissed from the bench as frivolous.") (citations omitted).  Judge Furman summarized Mr. Liebowitz's history of misconduct at length in *Usheron*, and the Court does not spill any more ink on it here.  *See Usherson*, 2020 WL 3483661, at *19, Appendix (collecting cases in which courts have "chastise[d] [Mr. Liebowitz], impose[d] sanctions on him, and require[d] his clients to post bonds to cover future adverse awards of attorney's fees and costs resulting from his misbehavior").  Needless to say, Defendant is correct that Plaintiff's counsel has engaged in "overaggressive assertions of copyright claims," cutting slightly in favor of awarding Defendant fees.  *Kirtsaeng*, 136 S. Ct. at 1988.

However, the Court does not discern any improper motivation on behalf of Plaintiff in bringing *this* case.  Indeed, though Defendant recounts at length Mr. Liebowitz's misconduct in other litigation, the Court's focus must be on his actions in filing and litigating this case.  *See Kirtsaeng*, 136 S. Ct. at 1985 (holding that courts must make a "particularized, case-by-case assessment" to determine whether to award fees and costs).  Even though the Court has dismissed the complaint with prejudice, this case was not objectively unreasonable and

Mr. Liebowitz made colorable arguments, both in opposition to the motion to dismiss and in support of his motion for reconsideration.  As far as the Court is aware, he did not behave improperly in the course of this litigation, and thus this factor too cuts against Defendant's request for fees.

Given the balance of these factors, the Court concludes that fee shifting is not appropriate under the Copyright Act.  *See* 17 U.S.C. § 505.  Indeed, the Second Circuit has made clear that the "principle purpose of the [Copyright Act] is to encourage the origination of creative works by attaching enforceable property rights to them."  *Diamond v. Am–Law Publ'g Corp.*, 745 F.2d 142, 147 (2d Cir. 1984). "As such, the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act."  *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001).  That is the case here, and the Court thus denies Defendant's request for fees under the Copyright Act. *Accord Rudkowski*, Dkt. No. 36 at 12–13.

### B.  Sanctions Are Not Warranted

Defendant also argues that that the Court should award fees as a sanction, either under its authority under a federal statute or under its inherent powers.  The Court may impose costs, expenses, and reasonable attorneys' fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatioously."  28 U.S.C. § 1927.  To impose sanctions under this statute, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay."  *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (internal quotation marks and citation omitted).  The Court may also impose sanctions under its inherent powers against a party or attorney "who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (quoting *Chambers*

*v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)).  As a practical matter, awards made under § 1927 and the Court's inherent powers differ only in that the former may be imposed only against attorneys or other persons authorized to practice before the courts while the latter may be levied against a party as well as an attorney.  *See Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012).

Defendant's sanctions argument is simpler to resolve.  Simply, Defendant has not put forward any evidence that Plaintiff acted in bad faith.  *See Chambers v. NASCO*, 501 U.S. 32, 45–46 (1991).  Again, although Plaintiff's complaint failed to state a claim, it was not so baseless as to constitute bad faith.  Nor was Plaintiff's conduct in this litigation egregious or beyond the pale; to the contrary, Plaintiff consistently made reasonable arguments in support of his position. The Court thus denies Defendant's motion for sanctions.  *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (court may award § 1927 sanctions only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose" (cleaned up)).

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED.  This resolves Dkt. No. 28.  Moreover, Defendant's motion for attorney's fees and sanctions is also DENIED.  This resolves Dkt. No. 30.  And Plaintiff's motion to strike Defendant's July 29, 2020 filing, Dkt. No. 39, is DENIED as moot.  This resolves Dkt. No. 41.


SO ORDERED.

Dated: November 9, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge